**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Walter GERMANY, Jr., Defendant-Appellant.**

**No. 78–1567.**

United States Court of Appeals, Tenth Circuit.

Argued Sept. 10, 1979.

Decided Dec. 28, 1979.

Charles L. Casteel, Asst. U. S. Atty., Denver, Colo. (Joseph F. Dolan, U. S. Atty. and Richard S. Vermeire, Asst. U. S. Atty., Denver, Colo. on brief), for plaintiff-appellee.

John E. Myles, Englewood, Colo. (Criswell & Patterson, Englewood, Colo. on brief), for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

James Walter Germany, Jr., was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a). Trial by jury commenced on May 3, 1978, and a mistrial was declared on May 5, 1978, after the jury was unable to arrive at a unanimous verdict. Defendant's counsel then filed a request for a transcript of the trial proceedings, such transcript to be used in preparation for the second trial of the case, and to also be used during the course of the second trial for possible impeachment purposes. This motion was denied on May 10, 1978. The second trial of the case commenced on June 26, 1978, and a guilty verdict was returned by a jury on that date. The defendant was later sentenced to 12 years imprisonment. Germany now appeals the sentence thus imposed.

On appeal Germany raises four points, the principal one being the denial by the trial court of his request for a transcript of the testimony given at the first trial. In our view this ruling of the trial court was error and under the authorities requires a reversal.

Germany is an indigent and was represented both in the trial court and in this Court by appointed counsel. Within days after a mistrial was declared in the first trial of this case, appointed counsel moved for a transcript of the testimony given at such trial at Government expense. In denying that motion the trial judge stated: (1) that such transcript "may or may not

help the defendant and his counsel"; (2) that "counsel I presume took considerable notes during the trial"; (3) that the same counsel who represented Germany at the first trial would represent Germany at the second trial of the case; (4) that the second trial would occur within a matter of weeks only; and (5) that although the first trial was a relatively short one, it would still take the reporter some time to transcribe her notes. These were the reasons given for denying Germany's request for a free transcript. Such reasons are in our view legally insufficient to justify the action taken.

The rationale of *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) dictates a reversal of the present case. In *Britt* a three-day state murder trial ended in a mistrial when the jury was unable to arrive at a verdict. The following month another jury convicted the defendant of murder. In the interim between trials the defendant requested a free transcript of the first trial. This request was denied by the trial court. The North Carolina Court of Appeals affirmed, and in so doing observed that the record of the case did not reveal a sufficient need for the transcript. The North Carolina Supreme Court denied certiorari. The United States Supreme Court granted certiorari and affirmed. The basis for the affirmance was that there was available an alternative device which would fulfill the same functions as a transcript.* There is no suggestion that in the instant case there is any such alternative device as would be an adequate substitute for a transcript.

Although the Supreme Court disposed of *Britt* on the narrow circumstances of the case, it is the language of *Britt* that dictates a reversal in the instant one. In *Britt* there was a one-month interval between the first and second trials. In our case there was nearly a two-month interval between trials, with some of the delay being necessitated by prior commitments of defense

counsel. In *Britt* the Supreme Court rejected the suggestion that "counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial." 404 U.S. at 229, 92 S.Ct. at 434. Also, the Supreme Court in *Britt* indicated that a defendant did not have to show a "particularized need" for the transcript of the first trial, since "it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses." 404 U.S. at 228, 92 S.Ct. at 434. The clear import of *Britt* is that the defendant in that case would have been entitled to a free transcript of the first trial but for the fact that he had available an alternative device which served as an adequate substitute for the transcript. In the instant case there is nothing to indicate that Germany had available any such alternative device, and hence under the rationale of *Britt* the trial court erred in denying Germany's request for a free transcript.

In further support of our disposition of the present case, see *United States v. Acosta*, 495 F.2d 60 (10th Cir. 1974). In *Acosta* this Court held that the refusal of a trial court to provide the defendant in a second trial with a free transcript of the first trial constituted reversible error. See *Acosta* also for our analysis of *Britt*.

What transpired at the second trial of this case illustrates the need for the transcript of the first trial. A key Government witness was Norma Leiser, a bank teller who identified Germany as being one of the robbers. At the second trial a dispute engendered concerning Leiser's testimony at the first trial as to whether she had her eyeglasses on, or off, as she observed Germany. Another key witness at the second trial was one Emma Jane Batie. At the second trial she testified as a Government witness and stated that she and Germany robbed the bank. At the first trial Batie

---

* In *Britt,* defense counsel conceded that the court reporter "would at any time have read back to counsel his notes of the mistrial, *well in advance of the second trial,* if counsel had simply made an informal request." (Emphasis added.) 404 U.S. at 229, 92 S.Ct. at 435.

testified, presumably as a defense witness, that she did not even know Germany and that she and some third person, not Germany, had robbed the bank. The fact that Batie at the second trial freely admitted that she had testified falsely at the first trial does not in any wise cure the earlier error in denying Germany's request for a free transcript. A defendant claiming the right to a free transcript "does not . . bear the burden of proving inadequate such alternatives as may be . . . conjured up by a court in hindsight." *Britt v. North Carolina*, 404 U.S. 226, at 230, 92 S.Ct. 431, at 435, 30 L.Ed.2d 400 (1971).

In fairness to the trial judge, the transcript of the hearing held in connection with defendant's request for a free transcript does not indicate that such authorities as *Britt* and *Acosta*, or any other authority for that matter, were cited to the trial judge.

Under the circumstances we do not deem it necessary to discuss the other grounds urged for reversal. Upon further trial of this case it is, at best, doubtful that such alleged error would reoccur.

Judgment reversed.